UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RUSSELL ELLWOOD**                                              **CIVIL ACTION**

**versus**                                                                      **NO. 09-6657**

**BURL CAIN, WARDEN**                                        **SECTION: "S" (3)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Russell Ellwood, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On June 10, 1999, he was convicted of second degree murder in

violation of Louisiana law.[1] On August 17, 1999, he was sentenced to a term of life imprisonment without benefit of parole, probation, or suspension of sentence.[2] On February 28, 2001, the Louisiana Fifth Circuit Court of Appeal affirmed his conviction,[3] and he did not seek review of that judgment in the Louisiana Supreme Court.[4]

On February 27, 2003, petitioner filed with the state district court an application for post-conviction relief.[5] That application was denied;[6] however, the Louisiana Fifth Circuit Court of Appeal subsequently set aside that ruling and remanded the matter for further proceedings.[7] On May, 27, 2008, the district court again denied the application.[8] Petitioner's related writ applications

---

[1] State Rec., Vol. XXX of XXXII, transcript of June 10, 1999, p. 207; State Rec., Vol. IX of XXXII, minute entry dated June 10, 1999; State Rec., Vol. IX of XXXII, jury verdict form.

[2] State Rec., Vol. XXXI of XXXII, transcript of August 17, 1999, p. 9; State Rec., Vol. IX of XXXII, minute entry dated August 17, 1999.

[3] State v. Ellwood, 783 So.2d 423 (La. 2001) (No. 00-KA-1232); State Rec., Vol. XXXI of XXXII.

[4] See Rec. Doc. 3, p. 9.

[5] State Rec., Vol. I of XXXII. The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Petitioner states that he placed his post-conviction application in the prison mailing system on February 27, 2003. See Rec. Doc. 3, p. 9; see also State Rec., Vol. II of XXXII, Inmate's Request for Indigent/Legal Mail dated February 27, 2003.

[6] State Rec., Vol. XIV of XXXII, Order dated December 28, 2006.

[7] Ellwood v. Cain, No. 07-KH-553 (La. App. 5th Cir. Aug. 15, 2007) (unpublished); State Rec., Vol. I of XXXII.

[8] Order dated May 27, 2008; Rec. Doc. 3-3, p. 18.

were then likewise denied by the Louisiana Fifth Circuit Court of Appeal on July 31, 2008,[9] and by the Louisiana Supreme Court on September 4, 2009.[10]

On September 29, 2009, petitioner filed the instant federal application for federal *habeas corpus* relief.[11] He has also filed a motion requesting that these proceedings be stayed and held in abeyance while he continued to seek relief in the state courts.[12] The state opposed the entry of a stay and argued that petitioner's federal application should be dismissed as untimely.[13] Petitioner objected to the state's opposition to the stay.[14]

### Motion to Stay

In his motion to stay, petitioner contends that he is seeking relief in the state courts on the grounds that the Louisiana Fifth Circuit Court of Appeal did not have jurisdiction to decide his direct appeal. Although there is a dispute between the parties as to whether petitioner has in fact sought such relief, that dispute is of no moment. The United States Supreme Court has held that "stay and abeyance should be available only in limited circumstances" and that a "district court

---

[9] State *ex rel.* Ellwood v. Cain, No. 08-KH-541 (La. App. July 31, 2008) (unpublished); State Rec., Vol. XXV of XXXII.

[10] State *ex rel.* Ellwood v. Louisiana, 17 So.3d 954 (La. 2009) (No. 2008-KH-2343); Rec. Doc. 3-1, p. 11.

[11] Rec. Doc. 3. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed his federal application on September 29, 2009; therefore, that it the earliest date it could have been submitted to prison officials for mailing.

[12] Rec. Doc. 11.

[13] Rec. Doc. 20.

[14] Rec. Doc. 21.

would abuse its discretion if it were to grant [a petitioner] a stay when his unexhausted claims are plainly meritless." Rhines v. Weber, 544 U.S. 269, 277 (2005). As discussed below, petitioner's federal application is untimely. Therefore, his unexhausted claim is likewise untimely and so necessarily is "plainly meritless." Beane v. Quarterman, No. 3:09-CV-0940, 2009 WL 2252060, at *3 (N.D. Tex. July 27, 2009); Daniels v. McKee, No. 5:06-cv-140, 2009 WL 1994179, at *4 (W.D. Mich. July 8, 2009); Plaza v. Hudson, No. 1:07-CV-674, 2008 WL 5273899, at *12 (N.D. Ohio Dec. 17, 2008); Marshall v. Norris, No. 08CV00173, 2008 WL 4418957, at *2 (E.D. Ark. Sept. 26, 2008). Accordingly, a stay is unwarranted and should be denied.

### Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[15]

As noted, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's conviction and sentence on February 28, 2001. Therefore, under § 2244(d)(1)(A), his conviction became "final" on March 30, 2001, when his period expired for filing a writ application with the Louisiana Supreme Court. See Louisiana Supreme Court Rule X, § 5(a) (a litigant has thirty days to file a writ application to challenge a judgment of a Louisiana intermediate appellate court); see also Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008). Accordingly, petitioner's period for seeking federal *habeas*

---

[15] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, the alternative provisions are not applicable in the instant case.

*corpus* relief commenced on that date and expired one year later on April 1, 2002,[16] unless that deadline was extended through tolling.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications attacking his conviction or sentence pending before any state court at any time from March 30, 2001, through April 1, 2002.[17] Therefore, petitioner is not entitled to statutory tolling.

The United States Supreme Court recently held that the AEDPA's limitations period is also subject to equitable tolling. Holland v. Florida, No. 09-5327, 2010 WL 2346549 (U.S. June 14, 2010). However, " a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at *12 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be

---

[16] Because March 30, 2002, fell on a Saturday, the limitations period was extended through the following Monday. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

[17] The Court notes that petitioner filed an application for post-conviction relief on February 27, 2003. However, because that application was filed *after* the expiration of the statute of limitations, it has no bearing on the timeliness of petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4 (E.D. La. July 24, 2000), aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

equitably tolled "in rare and exceptional circumstances"). Petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). Petitioner has not established that such tolling is warranted in this case.[18]

Because petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before April 1, 2002, in order to be timely. As noted, petitioner's federal application was not filed until September 29, 2009, and it is therefore untimely.

---

[18] The Court notes that petitioner strenuously argues that he is actually innocent; however, the United States Fifth Circuit Court of Appeals has held that claims of actual innocence do not justify equitable tolling. Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002); Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000).

The Court further notes that federal *habeas corpus* relief will not be granted based on claims of actual innocence. As Justice Holmes noted long ago, what a federal *habeas* court has "to deal with is *not* the petitioner['s] innocence or guilt but *solely* the question whether [his] constitutional rights have been preserved." Moore v. Dempsey, 261 U.S. 86, 87-88 (1923) (emphasis added). The Supreme Court reiterated that view seventy years later, noting:

> Claims of actual innocence based on newly discovered evidence have *never* been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. ... This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – *not* to correct errors of fact.

Herrera v. Collins, 506 U.S. 390, 400 (1993) (emphasis added); see also Kincy v. Dretke, 92 Fed. App'x 87, 92 (5th Cir. 2004); Lucas v. Johnson, 132 F.3d 1069, 1074 (5th Cir. 1998); Higgins v. Cain, Civ. Action No. 09-2632, 2010 WL 890998, at *22 (E.D. La. Mar. 8, 2010); Bolton v. Cooper, Civ. Action No. 07-626, 2007 WL 2713259, at *4 (E.D. La. Sept. 14, 2007). When a convicted inmate uncovers new evidence tending to prove his innocence, his recourse is to seek executive clemency, not federal *habeas corpus* relief. Herrera, 506 U.S. at 417; Higgins, 2010 WL 890998, at *22.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the motion to stay, Rec. Doc. 11, be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Russell Ellwood be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[19]

New Orleans, Louisiana, this twenty-second day of June, 2010.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[19] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.